IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION** | Master Docket No.: 1:14-cv-1748 |
| This document relates to:<br><br>**BRAD D. MARTIN**<br><br>Plaintiff,<br><br>v.<br><br>**ACTAVIS INC.**, *et al.*<br><br>Defendants. | Case No. 1:15-cv-4292<br><br>Judge: Hon. Matthew F. Kennelly |

**<u>Proposed Final Pretrial Order</u>**

In accordance with the Court's instructions for Preparation of Final Pretrial Order for Civil Cases Before Judge Kennelly (Revised 11/2020) (the "Court's Instructions") and with Case Management Order 176 (as amended), and this matter having been set for a Final Pretrial Conference on April 1, 2021, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, and counsel for the parties having conferred, the parties hereby certify that each of the categories identified by the Court's Instructions is included in the enclosed proposed Final Pretrial Order. This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

Each Party is also filing a contemporaneous statement addressing the case statements, deposition designations, exhibit lists, and objections.

Dated: March 22, 2021

Submitted jointly by:

| | |
|---|---|
| */s/ James G. O'Brien* | */s/ Jeffrey D. Geoppinger*    (by permission) |
| James G. O'Brien | Jeffrey F. Peck |
| O'BRIEN LAW, LLC | John R. Ipsaro |
| 405 Madison Ave., 10th Floor | Jeffrey D. Geoppinger |
| Toledo, Ohio 43604 | ULMER & BERNE LLP |
| Tel.   (419) 930-6401 | 600 Vine Street |
| Fax    (419) 930-6403 | Suite 2800 |
| Email   jim@obrien.law | Cincinnati, OH 45202 |
| | Tel.:  (513) 698-5000 |
| *Trial Counsel for Plaintiff Brad D. Martin* | Fax:   (513) 698-5001 |
| | Email: jpeck@ulmer.com |
| | Email: jipsaro@ulmer.com |
| | Email: jgeoppinger@ulmer.com |
| | |
| | *Counsel for Actavis Inc., Actavis Pharma Inc., and Actavis Laboratories UT Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION** | Master Docket No.: 1:14-cv-1748 |
| This document relates to:<br><br>**BRAD D. MARTIN**<br><br>Plaintiff,<br><br>v.<br><br>**ACTAVIS INC.**, *et al.*<br><br>Defendants. | Case No. 1:15-cv-4292<br><br>Judge: Hon. Matthew F. Kennelly |

**1. Jurisdiction and Venue.** The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is not disputed.

Venue is proper in this Court because this matter was consolidated for pretrial purposes in the *In re: Testosterone Replacement Therapy Products Liability Litigation* MDL, and, after being designated as a bellwether trial case, both Parties waived objection pursuant to *Lexecon v. Milberg Weiss*, 523 U.S. 26 (1998). Venue is not disputed.

2.    **Summary of Claims and Defenses**.[1,2]

    a.    **Plaintiff's Statement of the Case**:

Brad Martin brought this lawsuit against Actavis Inc., Actavis Pharma Inc., Actavis Laboratories UT, Inc. and Watson Laboratories Inc. (collectively referred to as the Actavis Defendants) for injuries cause by Actavis Defendants' prescription testosterone replacement drug, called "Androderm."

In October 2012, Brad Martin's VA physician prescribed Androderm for his lack of energy and lack of sex drive. Mr. Martin used Androderm daily for seven months, but on May 25, 2013, he suffered a myocardial infarction, or heart attack, while chopping wood at his father-in-law's cabin in northern Minnesota. Mr. Martin had to be taken by air ambulance to a hospital in Fargo, North Dakota where he received a procedure called a cardiac catheterization. After being released from the hospital, Mr. Martin participated in cardiac rehab and has recovered well. His heart still shows the signs of the damage caused by the heart attack.

Mr. Martin says that his heart attack was caused by Androderm. He also says that Actavis Defendants knew or should have known that Androderm presented a risk of causing myocardial infarctions, like the one he suffered, and that Actavis Defendants should have warned Mr. Martin and his prescribing doctor. He says that with a proper warning, his doctor would not have prescribed Androderm, he would not have taken Androderm, and he would not have had the heart attack.

---

[1] Defendants' objections to Plaintiff's proposed statement of the case are filed concurrently with the Proposed Final Pretrial Order in Defendants' Statements On and Omnibus Objections to Plaintiff's Proposed Statement of the Case, Deposition Designations, and Exhibits, and incorporated by reference herein.

[2] Plaintiff is also filing his response to Defendants' anticipated objections to his case statement.

Mr. Martin also says that Actavis Defendants marketed Androderm as a treatment for a series of conditions that the drug was not approved to treat, including low energy and low libido. He says that by marketing the drug for conditions it had not been proven safe and effective to treat, Actavis Defendants exposed him to the drug's dangerous side effects, and he suffered the heart attack as a result.

Mr. Martin seeks compensatory damages for his injuries and losses, and punitive damages for Actavis Defendants' wrongful conduct.

b.      **Defendants' Statement of the Case:**  This case involves the prescription drug patch Androderm that was manufactured and sold by Actavis Laboratories UT, Inc. and Actavis Pharma, Inc., respectively.  Androderm is a "testosterone replacement therapy" drug.  Androderm was first approved by the FDA as safe and effective in September 1995.  Androderm is still sold today.  Mr. Martin was 51 years old when he was first prescribed Androderm on October 19, 2012, by his primary care physician, Dr. Stephen Firestone.  On May 25, 2013, Mr. Martin suffered a heart attack, 47 days after he filled a 30 day prescription for Androderm.  Prior to May 25, 2013, Mr. Martin last filled an Androderm prescription on April 8, 2013. It was a 30 day prescription. Mr. Martin filled his next prescription for Androderm on May 29, 2013, after he was released from the hospital.

In this lawsuit, Mr. Martin alleges that he was using Androderm on May 25, 2013, and that it caused his heart attack.  Defendants deny Androderm causes heart attacks or that Androderm caused Mr. Martin's heart attack.  Rather, Actavis Defendants contend that Mr. Martin's heart attack was caused by various risk factors Mr. Martin had that are unrelated to Androderm. Defendants also contend that the Androderm prescribed by Dr. Firestone had all FDA-approved warnings, that Defendants made no misrepresentations about the safety or effectiveness of

Androderm to Dr. Firestone or Mr. Martin, that there is no evidence that Dr. Firestone saw or relied on anything published by Defendants in prescribing Androderm for Mr. Martin, or that the additional information Mr. Martin claims should have been provided to Dr. Firestone would have caused him not to prescribe Androderm to Mr. Martin. Defendants deny that they promoted Androderm in the manner alleged by Mr. Martin, that they did anything wrong, or that they are in liable in any manner for any damages to Mr. Martin.

3. **Relief sought.** Brad Martin seeks compensatory, including past medical expenses and an amount to compensate him for physical and mental pain and suffering, permanent injury, loss of wages, and loss of enjoyment of life. He also seeks punitive damages.

4. **Witnesses.** Except for rebuttal witnesses not presently identifiable, the attached **Schedule A** and **Schedule B** list the names and addresses of Plaintiff's and Actavis Defendants' respective witnesses: (a) who will be called; (b) who may be called; and (c) whose deposition may be used. **Schedules A** and **B** also include each party's objections to the calling of any witness, including expert witnesses.

5. **Deposition Designations.**[3,4] Each party's deposition designations in chart form, the other party's objections to any designated testimony, and full and mini transcripts are being filed for each of the twelve witnesses whose deposition testimony has been designated.

Defendants request that the Court defer any rulings on the deposition designations, objections and counter designations submitted by the parties until after the Court decides the

---

[3] Defendants' further objections to Plaintiff's proposed deposition designations are filed concurrently with the Proposed Final Pretrial Order in Defendants' Statements On and Omnibus Objections to Plaintiff's Proposed Statement of the Case, Deposition Designations, and Exhibits, and incorporated by reference herein.

[4] Plaintiff is also filing a Statement addressing Defendants' deposition designation objections.

motions *in limine*. Defendants believe that deciding the motions *in limine* first represents the most efficient way for the Court to address objections to the designations. A significant number of the objections are based on the motions. Once the motions are decided, Defendants understand the Court's rulings will apply to the deposition objections based on the motions, and the parties can then spotlight for the Court the specific objections to be ruled on by the Court.

6. **Exhibits.**[5, 6] The attached **Schedule C** and **Schedule D** contain lists of exhibits that Plaintiff or Actavis Defendants, respectively, may introduce at trial, identified by trial exhibit number, with a brief description of each exhibit. **Schedules C** and **D** also include a statement of any objections to each exhibit. The parties have conferred concerning the exchange of demonstrative exhibits and recognize the necessity of deferring the exchange of demonstratives to a later date.

7. **Type and length of trial.** The Court has scheduled a jury trial to commence August 2, 2021 and, with the Court's trial time limits, the Parties expect the case will take approximately two weeks. CMO 180, Doc. 162.

8. **Proposed voir dire questions.** The attached **Schedule E** is a list of proposed voir dire questions, to be formatted as a written questionnaire consistent with the sample jury questionnaire for civil personal injury cases available on the Court's website. **Schedule E** lists (i) questions from the Court's sample questionnaire; (ii) questions proposed jointly by Plaintiff and Actavis Defendants; (iii) questions proposed only by Plaintiff (with Actavis Defendants' objections, if

---

[5] Defendants' further objections to Plaintiff's proposed exhibits are filed concurrently with the Proposed Final Pretrial Order in Defendants' Statements On and Omnibus Objections to Plaintiff's Proposed Statement of the Case, Deposition Designations, and Exhibits, and incorporated by reference herein.

[6] Plaintiff is also filing a Statement regarding Defendants' objections to Plaintiff's exhibits.

any); and (iv) questions proposed by Actavis Defendants (with Plaintiff's objections, if any). Additionally, **Schedule E** includes questions proposed by the parties to be asked by the Court during voir dire. The Parties jointly request that any questions they submitted in the proposed written questionnaire, which are not included in the final questionnaire, be asked during oral voir dire, along with any additional oral questions the parties seek the Court to ask during voir dire. Additionally, consistent with the Court's individual practices regarding jury selection procedures, the parties have conferred concerning a request for limited attorney-conducted voir dire as a supplement to the Court's jury selection procedure. In that regard, the parties jointly request the opportunity for the counsel to conduct limited voir dire of the panel.

**9.** **Proposed jury instructions.** Pursuant to the CMO 176, the Parties will submit proposed jury instructions, as described in the Court's Instructions, on or before July 19, 2021.

**SO ORDERED.**

_____    _____
Date                              Hon. Matthew F. Kennelly

## **CERTIFICATE OF SERVICE**

I transmitted a true and accurate copy of the foregoing upon:

> John R. Ipsaro
> Jeffrey D. Geoppinger
> Jeffrey F. Peck
> Ulmer & Berne LLP
> 600 Vine Street
> Suite 2800
> Cincinnati, OH 45202
> (513) 698-5004
> Email: jipsaro@ulmer.com
> Email: jgeoppinger@ulmer.com
> Email: jpeck@ulmer.com
>
> *Counsel for Actavis Inc., Actavis Pharma Inc., and Actavis Laboratories UT Inc.,*

by filing a copy on the Court's electronic filing system on this date.

March 22, 2021         */s/ James G. O'Brien*
                      James G. O'Brien (Ohio 0088460, Cal. 308239)